HOWARD, Circuit Judge,
(Concurring).
A person damaged by a violation of the Residential Lead-Based Paint Hazard Reduction Act may seek recovery against the violator. 42 U.S.C. § 4852d(b)(3). Among the Act’s express requirements, implemented by a regulation, is one that imposes on a seller the obligation to hand over to the buyer “any lead hazard evaluation report available to the seller.” § 4852d(a)(l)(B). The seller is required to provide this report before the buyer is obligated to purchase the house. § 4852d(a)(l). I am not prepared to say that the statute of limitations for a civil suit based on an alleged violation of this strict consumer protection provision necessarily began to run at the same time that it did for the cause of action based on the other disclosure violations alleged in this case.
Moreover, the seller’s further arguments that the buyer was on at least inquiry notice do not persuade me. I do not accept the seller’s argument that its failure to provide to the buyer a timely and completed lead paint hazard disclosure form put the buyer on inquiry notice that the seller had also failed to hand over an existing lead paint report; in fact, all indications are that even had the seller provided the form, it would not have disclosed the existence of the report. Nor do I accept the seller’s argument that the buyer’s ability and opportunity to test for lead paint also put the buyer on inquiry notice that a report existed.
Despite these misgivings, I agree with the result in this case, based upon an argument made by the seller in the district court. Under the Act, sellers are hable to *9 buyers only for knowing violations. § 4852d(b)(3). To permit a finding of liability on this record would be to convert the knowing violation standard to one of mere negligence. Congress explicitly chose the higher standard.